IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS

**LLOYD DANIELS,**

                                **Petitioner,**

               **v.**                                                    **CASE NO. 08-3041-RDR**

**COL. MARK S. INCH,**

                                **Respondent.**

## O R D E R

Petitioner, a prisoner incarcerated in the United States Disciplinary Barracks (USDB) in Forth Leavenworth, Kansas, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having carefully reviewed the record, the court denies the petition.

**I. BACKGROUND**

In August 2000, petitioner was charged with sodomizing and committing indecent acts upon his thirteen year old stepdaughter, soliciting another person to have sex with his ten year old stepdaughter, disobeying a regulation by using a government computer to receive and distribute sexually explicit images of minors, possessing child pornography, committing adultery, and submitting a false official statement. An investigation determined there was sufficient evidence for a General Court-Martial on these charges, as well as an additional charge of possessing disks that contained images of child pornography, in violation of Article 134 of the Uniform Code of Military Justice (UCMJ).

Prior to the court-martial, the military judge considered defense counsel's motion that specific charges were multiplicitous[1] and unreasonably multiplied, and found some of the charges multiplicitous for sentencing purposes. The judge also denied defense counsel's motion in limine to exclude the testimony of FBI Agent James T. Clemente who was allowed to testify as an expert witness.

Court-martial proceedings were held in Italy in January and February 2001. Petitioner entered a mixed plea, pleading guilty to committing adultery, knowingly receiving child pornography, violating a regulation by using a government computer to receive and distribute child pornography, and knowingly possessing computer disks and media containing images of child pornography, in violation of Articles 92 and 134 of the UCMJ. Contrary to his pleas on the remaining charges, the court-martial panel members found petitioner guilty of committing indecent acts upon his thirteen year old stepdaughter, attempting to sodomize her, and soliciting another to commit sodomy on his ten year old stepdaughter, in violation of Articles 80 and 134 of the UCMJ. The sentence imposed included confinement for twenty years.

The convening authority approved the sentence as adjudged, but suspended the sentence of confinement which exceeded sixteen years for a period of four years.

On appeal to the United States Army Court of Criminal Appeals

---

[1] The court notes two interchangeable spellings of this word, and chooses to use "multiplicitous" rather than "multiplicious." See also *United States v. Goodine*, 400 F.3d 202, 207 n. 6 (4th Cir.2005)(noting "multiplicitous" is now the preferred spelling).

(ACCA), petitioner raised Grounds 1-7 in the instant petition. After considering the record of trial, petitioner's assignments of error, and the matters personally raised by petitioner pursuant to *United States v. Grostefon*,[2] the ACCA dismissed two charges of wrongfully receiving and possession child pornography in violation of the Child Pornography Protection Act of 1996 (CPPA), 18 U.S.C. § 2252A (2000), with no modification to the sentence as approved by the convening authority notwithstanding dismissal of the two CPPA charges.[3] The Court of Appeals for the Armed Forces (CAAF) affirmed

---

[2]*United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), allows a servicemember to raise legal claims his appellate counsel has decided not to present to the military appellate court.

[3]See *United States v. Daniels*, 2006 WL 6624010 (Army Ct.Crim.App. July 26, 2006)(unpublished).
In dismissing the two child pornography charges, the ACCA noted that *United States v. Martinelli*, 62 M.J. 52 (C.A.A.F.2005), held the CPPA does not have extraterritorial application, and that the violations of the CPPA for which Daniels had been found guilty had occurred exclusively in Italy. *Id. at *1*.
Regarding petitioner's sentence, the ACCA stated:
"While the subject of child pornography was part of the government's case in aggravation, the dismissed offenses of possession and receipt of child pornography are minor offenses, which pale in comparison to appellant's course of predatory conduct with his stepdaughters. It is clear to us that appellant's sentence was not based upon his involvement with pornography. Rather, appellant was sentenced for molesting and attempting to sodomize his thirteen-year-old stepdaughter and for willingly offering his ten-year-old stepdaughter as a sexual object to another potential sexual predator. Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales* 22 M.J. 305 (C.M.A.1986), *United States v. Reed*, 33 M.J. 98 (C.M.A.1991), and *United States v Moffeit,* 63 M.J. 40 (C.A.A.F.2006), to include the factors identified by Judge Baker in his concurring opinion, we affirm the sentence." *Id*. at *2.

3

that decision.[4]

Petitioner thereafter sought extraordinary mandamus relief on a claim that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding favorable and impeaching evidence from him. This is the same issue raised as Ground 8 in the instant petition. The ACCA and CAAF denied this request. Petitioner then filed the instant action, seeking relief under 28 U.S.C. § 2241 on eight grounds alleging constitutional error in his military convictions.

**II. STANDARD OF REVIEW**

Habeas corpus relief can be granted under § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). This court has limited authority to review court-martial proceedings for such error. See *Burns v. Wilson*, 346 U.S. 137, 142 (1953). "[W]hen a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id*. The limited function of the civil court is to determine whether the military have given fair consideration to each of the petitioner's claims. *Id*. at 145. See also *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir.1993), *cert. denied*, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the military courts,

---

[4]See *Id.,* aff'd, 64 M.J. 431 (U.S. Armed Forces, February 12, 2007)(unpublished), *cert. denied*, 551 U.S. 1154 (2007).

4

the district court should not reach the merits and should deny the petition. *Id*.

To assess the fairness of the military court's consideration, a civil court's review of a military conviction is appropriate only if: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact already decided by the military, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards. *Roberts v. Callahan*, 321 F.3d 994, 996-97 (10th Cir.2003); *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir.1990). The last of those four conditions has become the most important. See *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670-71 (10th Cir.2010) (observing that "recent Tenth Circuit cases have emphasized the fourth consideration as the most important").

## III. DISCUSSION

In this matter, petitioner first claims his pleas of guilty to two of the three child pornography charges were improvident because 18 U.S.C. §§ 2256(8)(B) and (D) were later found to be unconstitutional. Petitioner pled guilty to three specifications involving child pornography in 2001, prior to the Supreme Court's decision which declared the definition of child pornography in the CPPA unconstitutional because it did not specifically require the images be actual minors. See *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). Two of the child pornography charges against petitioner arose under Article 134, UCMJ, as violations of the CPPA.

5

The third was charged under Article 92 as violating a military regulation which prohibited viewing pornography on a government computer. After the CAAF held in a separate case in 2005 that the CPPA does not have extraterritorial application, see *United States v. Martinelli*, 62 M.J. 52 (C.A.A.F.2005), the ACCA set aside and dismissed the two specifications against petitioner based on the CPPA, and upheld petitioner's sentence notwithstanding its dismissal of the two charges. Any claim regarding petitioner's plea to those two dismissed charges is thereby moot.

To the extent petitioner claims his plea on the remaining child pornography charge was improvident because the *Care* inquiry by the military judge[5] never addressed whether the images at issue were "photographs of actual people," the ACCA considered the arguments briefed by the parties and found no merit to this claim. The CAAF affirmed that decision.

Second, petitioner claims it was plain error for the military judge to admit into evidence the out of court sworn statement of petitioner's stepdaughter to CID because the statement did not satisfy any exception to the hearsay rule. Alternatively, petitioner claims defense counsel was constitutionally ineffective in failing to object to the admission of this damaging hearsay evidence. Both the ACCA and CAAF considered briefing by the parties on these alternative claims, and denied relief.

In his third and fourth grounds, petitioner claims the military

---

[5]See *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969)(establishing principles for guilty plea inquiry, including military judge ensuring the accused knows the ramifications and consequences of a guilty plea).

judge improperly permitted Agent Clemente to testify as an "educational witness" and essentially provide improper profile evidence, and to testify during the sentencing phase on numerous matters outside the agent's expertise. As a fifth ground, petitioner claims the military judge erroneously permitted Air Force clinical psychologist Lt. Col. Christopher M. Revis to testify as an expert "about the so-called child sexual abuse accommodation syndrome." After considering the record which included extensive briefing by the parties on these evidentiary claims, the ACCA denied relief without further elaboration. The CAAF affirmed.

Sixth, petitioner claims the military judge erred in permitting government trial counsel to make improper argument on both findings and sentence. The record documents that the military judge sustained defense objections to trial counsel's statements, and gave curative instructions to the panel. The ACCA considered briefing on this issue and found it had no merit, and the CAAF affirmed.

Seventh, petitioner claims the charges against him were unreasonably multiplied as well as multiplicitous. The military judge denied defense counsel's motion to consolidate two child pornography charges because one dealt with violation of the CPPA, and the other dealt with disobeying a regulation which prohibited viewing child pornography on a government computer, but found they should be treated as multiplicitous for sentencing purposes because both charges related to possession of child pornography during an overlapping time period. The military judge also granted defense counsel's request to treat the attempted sodomy offense and the indecent acts upon a child offense as multiplicitous for sentencing

7

purposes.  Petitioner argued on appeal the charges should be treated as multiplicitous for all other purposes, and not just for sentencing.  The ACCA found no merit to this claim, and the CAAF affirmed that decision.

And eighth, petitioner claims the government violated its obligations under *Brady* and its progeny by withholding favorable and impeachment evidence from him, specifically a July 25, 2000, pretrial investigative memo by trial counsel Hirsch in which Hirsch assessed information regarding petitioner's stepdaughter and stated that charging petitioner with sodomy was not warranted at that time. In a post-judgment motion for extraordinary relief in the nature of a writ of mandamus, petitioner argued his defense counsel could have provided a more complete defense if this memo had been provided to defense counsel during discovery.  The ACCA and CAAF both considered and denied this request.

The extensive record in this matter clearly establishes that petitioner raised and fully briefed all eight of his grounds to the military courts for appellate review, and that each ground was comprehensively considered and fairly decided by those courts. Although the ACCA summarily disposed of grounds two through seven,[6] this does not defeat a finding that the military courts fully reviewed and fairly decided all claims raised by petitioner.  *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986).  This is especially so where the briefing was thorough

---

[6]See *Daniels*, 2006 WL 6624010 at *1 ("We have considered the remaining assignments of error and those matters personally raised by appellant and find them to be without merit.").

and comprehensive, as in the present case, and nothing in the record suggests all grounds were not given full and fair consideration by the military courts. See *Thomas*, 625 F.3d at 672. Given this court's limited scope of review, the court concludes no further review by this court of the merits of any of petitioner's claims of error regarding his military convictions would be appropriate.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

**IT IS SO ORDERED.**

DATED: This 15th day of February 2011, at Topeka, Kansas.

s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge